UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JONATHAN JAVIER QUINTERO-
RANGEL,

       Petitioner,

v.                                                      Case No.:  2:26-cv-00994-SPC-DNF

MARKWAYNE MULLIN *et al.*,

       Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Jonathan Javier Quintero-Rangel's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).  For the below reasons, the Court grants the petition.

Quintero-Rangel is a native and citizen of Venezuela who entered the United States without inspection on December 2, 2022, to seek asylum.  He timely applied for asylum and temporary protected status ("TPS").  He was granted temporary protected status, but that status terminated on November 20, 2025.[1]  Quintero-Rangel's asylum application remains pending, and he has work authorization, steady employment, a Florida driver's license, and no criminal record.  On January 20, 2026, Border Patrol agents arrested Quintero-Rangel during a traffic stop and turned him over to Immigration and Customs

---

[1] *See Ceballos v. Hardin*, No. 2:26-cv-658-SPC-NPM, 2026 WL 911295, at *1 (M.D. Fla. Apr. 3, 2026) (summarizing the recent developments impacting TPS for Venezuelans).

Enforcement.   He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Quintero-Rangel.   The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.   Quintero-Rangel asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue the petitioner is properly detained under § 1225 and is not eligible for a bond hearing.   The Court rejected that argument in cases that presented the same issue, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).   The Court's reasons for granting habeas relief in those cases apply equally here.

Quintero-Rangel's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Quintero-Rangel has a right to a bond hearing.   *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal

2

regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[2]

The Court will thus order the respondents to either bring Quintero-Rangel before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Quintero-Rangel's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Quintero-Rangel to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Quintero-Rangel receives a bond hearing that complies with this Order within ten days, they must release him.

---

[2] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's interpretation of the INA. The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

Accordingly, it is hereby

**ORDERED**:

Jonathan Javier Quintero-Rangel's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Quintero-Rangel for an individualized bond hearing before an immigration judge or (2) release Quintero-Rangel under reasonable conditions of supervision.  If the respondents release Quintero-Rangel, they shall give him telephone access so he can arrange his transportation from the detention facility.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4